UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YOAN ALAIN DELGADO GUTIERREZ,

*Petitioner*,

v. Case No. 3:26-cv-2047-JEP-PDB

TODD BLANCHE, et al.,

*Respondents*.
_________________________________/

**ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release him or alternatively, provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). (*See* Doc. 1 at 14). Petitioner is a citizen of Cuba who entered the United States on January 19, 2024, and was granted parole. (*Id.* at 5). On July 31, 2026, local authorities arrested Petitioner on felony and misdemeanor charges. (*Id.* at 6). The next day, Petitioner was transferred into ICE custody. (*Id.*). He argues, among other things, that "[b]ecause Petitioner was affirmatively paroled into the United States and placed into removal proceedings under [Immigration and Nationality Act

("INA")] § 240, his detention is governed by 8 U.S.C. § 1226(a), which authorizes release on bond or conditional parole and requires an individualized custody determination." (*Id.* at 11).[1]

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).[2] While the opinion did not

---

[1] Although Count II is labeled "Violation of the Process Clause – Denial of an Individualized Custody Determination Under 8 U.S.C. § 1226(a) (Pled in the Alternative)," the Court construes it as a claim under the INA. (Doc. 1 at 10). The Federal Respondents apparently do so as well. (*See generally* Doc. 7).

[2] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the

specifically address the circumstance of an individual, like Petitioner, who had been initially paroled into the country, the reasoning of the opinion is equally applicable to Petitioner. Petitioner was detained within the interior of the United States—not at the border. *See id.* at 1286 (recognizing "the longstanding border-interior distinction for purposes of [immigration] detention"). And he was not "seeking lawful entry after inspection and authorization by an immigration officer"—indeed, he was "not applying for entry in any literal sense when [he was] detained." *Id.* at 1269 (some internal quotation marks omitted).

In their response, the Federal Respondents argue that "[Petitioner]'s parole at a port of entry allowed his otherwise mandatory § 1225(b)(2)(A) detention to be suspended, subject, however, to the government's right to treat him 'as if stopped at the border.'" (Doc. 7 at 3–4) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)). But *Thuraissigiam* mentions only the detention status of aliens on parole, not post-termination of parole. *See* 591 U.S. at 139. And the two district court cases the Federal Respondents cite to support their argument carry little persuasive value in light of

Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

*Hernandez Alvarez*: both predate the Eleventh Circuit's decision, and one is an out-of-circuit case. (Doc. 7 at 4); *see Pedro v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-cv-524-KCD, 2026 WL 900129, at *5 (M.D. Fla. Apr. 2, 2026); *Chanaguano Caiza v. Scott*, No. 1:25-cv-00500-JAW, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025). Accordingly, the *ratio decidendi* of *Hernandez Alvarez* applies in this case, and the Court is bound by it. (*See* Doc. 7 at 2).

Federal Respondents additionally argue that "Petitioner is subject to mandatory detention under the Laken Riley Act," specifically 8 U.S.C. § 1226(c)(1)(E), "because he was arrested for theft." (*Id.* at 5). Section 1226(c)(1)(E) subjects to mandatory detention any alien who:

> is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and . . . is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person[.]

28 U.S.C § 1226(c)(1)(E). Here, Petitioner was arrested for failure to secure workers' compensation insurance and unlawful acts in the capacity of a contractor; namely, falsely impersonating a certificate holder or registrant.[3]

[3] Although the state court's docket reflects that Petitioner's "Case Type" is "Felony Theft Forgery Fraud," the actual charges are for "Workers Compensation Fraud" and "Unlawful Acts while in the Capacity of a Contractor." (*See* Doc. 7-1 at 9).

(Doc. 1 at 6; Doc. 7-1 at 9–10); *see also* Fla. Stat. § 440.105(4)(a)(3); Fla. Stat. § 489.127(1)(b). Under Florida law, a person commits theft if:

> he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: (a) Deprive the other person of a right to the property or a benefit from the property. (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

Fla. Stat. § 812.014(1). Neither crime for which Petitioner was arrested shares any essential elements with theft. Therefore, Petitioner is not subject to mandatory detention under § 1226(c)(1)(E).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention under 8 U.S.C. § 1225(b)(2)(A) is unlawful based on the Eleventh Circuit's decision in *Hernandez Alvarez*, 175 F.4th at 1258.[4] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner.[5] If Respondents release Petitioner,

---

[4] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[5] Petitioner is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026)

they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Warden's motion to dismiss (Doc. 6) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on September 17, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

---

("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).